1  BENJAMIN B. WAGNER
   United States Attorney
2  PAUL A. HEMESATH
   Assistant U.S. Attorneys
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  TEL: (916) 554-2700
   FAX: (916) 554-2900
5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          )   2:09-CR-00121-JAM
                                       )
12              Plaintiff,             )
                                       )   APPLICATION AND ORDER FOR MONEY
13  v.                                 )   JUDGMENT
                                       )
14  SCOTT EDWARD CAVELL,               )
       AKA ADAM KINGSBURY CURRY,       )
15     AKA DANIEL JOSEPH YRIATE,       )
                                       )
16              Defendant.             )
    _____)

17        On April 15, 2014, defendant Scott Edward Cavell entered a guilty plea to Count Twenty-Five

18  of the Indictment, which charges him with wire fraud in violation of 18 U.S.C. § 1343.

19        As part of his plea agreement with the United States, defendant Scott Edward Cavell agreed to

20  forfeit voluntarily and immediately up to $7,457,118.18, as a personal money judgment pursuant to

21  Fed. R. Crim. P. 32.2(b)(1), which reflects a reasonable compromise between the parties for forfeiture

22  purposes concerning the proceeds the defendant obtained as a result of a violation of 18 U.S.C. §

23  1343, to which he has pled guilty. See Defendant Cavell's Plea Agreement ¶ II.E.  Plaintiff hereby

24  applies for entry of a money judgment as follows:

25        1.      Pursuant to 18 U.S.C. § 982(a)(2), 28 U.S.C. § 2461(c), and Fed. R. Crim. P.

26  32.2(b)(1), the Court shall impose a personal forfeiture money judgment against defendant Scott

27  Edward Cavell in the amount of $7,457,118.18.

28        2.      The above-referenced personal forfeiture money judgment is imposed based on

1    defendant Scott Edward Cavell's conviction for violating 18 U.S.C. § 1343 (Count Twenty-Five).

2    Said amount reflects a reasonable compromise between the parties for forfeiture purposes concerning

3    the proceeds the defendant obtained, which the defendant agreed is subject to forfeiture based on the

4    offense of conviction. Any funds applied towards such judgment shall be forfeited to the United

5    States of America and disposed of as provided for by law.

6        3.      Payment of the personal forfeiture money judgment should be made in the form of a

7    cashier's check made payable to the Department of the Treasury and sent to the U.S. Attorney's Office,

8    Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814. Prior to the imposition

9    of sentence, any funds delivered to the United States to satisfy the personal money judgment shall be

10   seized and held by the Internal Revenue Service, in its secure custody and control.

11   DATED: 5/29/2014                      BENJAMIN B. WAGNER

12                                          United States Attorney

13                                   /s/ Paul A. Hemesath

14                                   PAUL A. HEMESATH
                                      Assistant U.S. Attorney

15

16

17                                 **O R D E R**

18

19        For good cause shown, the Court hereby imposes a personal forfeiture money judgment against

20   defendant Scott Edward Cavell in the amount of $7,457,118.18. Any funds applied towards such

21   judgment shall be forfeited to the United States of America and disposed of as provided for by law.

22   Prior to the imposition of sentence, any funds delivered to the United States to satisfy the personal

23   money judgment shall be seized and held by the Internal Revenue Service, in its secure custody and

24   control.

       IT IS SO ORDERED.

25

26   DATED: June 2, 2014

27                                 JOHN A. MENDEZ
                                United States District Judge

28